# MID AMERICAN NATIONAL BANK

## v.

## FAVORITE, Trustee, et al.

Court of Common Pleas of Ohio,
Lucas County.

No. CI94–1115.

Decided Jan. 18, 1995.

*Sharon S. Speyer,* for plaintiff Mid American National Bank.

*Frederickson & Heintschel Co., L.P.A.,* and *Thomas W. Heintschel,* for defendants Carol Favorite, trustee, Carol A. Favorite, and Gene Favorite.

JUDITH ANN LANZINGER, Judge.

I

This matter is now before the court on a dispute over approval and confirmation of the sheriff's sale of real property at 3221–3223 Meadowlake Drive in Toledo, Ohio. The sale, ordered by the court on August 12, 1994, took place November 1, 1994. The property at issue was appraised at $110,000 and was ultimately sold for $112,000 to a third party. An objection to confirmation of sale was filed by defendants on November 3, 1994. They challenge the sheriff's appraisal as not reflecting fair market value of the property and contend that the appraisers did not actually enter the premises as R.C. 2329.17 requires. Defendants request a hearing on the adequacy of plaintiff's valuation.

II

A mortgagor is not necessarily entitled to a hearing before confirmation of a foreclosure sale. The matter is discretionary with the court. *Union Bank Co. v. Brumbaugh* (1982), 69 Ohio St.2d 202, 23 O.O.3d 219, 431 N.E.2d 1020. For reasons which follow, the court finds it unnecessary to hold a hearing in this matter.

It is well settled that a trial court has discretion to grant or deny confirmation of sale on a foreclosure action. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388, 1390; *Michigan Mtge. Corp. v. Oakley* (1980), 68 Ohio App.2d 83, 22 O.O.3d 76, 426 N.E.2d 1195. The statutory procedures for a foreclosure sale are designed to protect the interests of the mortgagor-debtor, to ensure that secured creditors will be paid, to generate the maximum amount at sale, and to give judicial sales a certain degree of finality.

*Ohio Sav. Bank v. Ambrose,* 56 Ohio St.3d at 56, 563 N.E.2d at 1390–1391. The Ohio Supreme Court recently explained the statutory safeguards which exist:

"R.C. 2329.17 provides that when execution is levied upon lands, the officer who makes the levy must call an inquest of three disinterested freeholders who are residents of the county where the lands taken are situated. The appraisers must swear to impartially appraise the property and then return an estimate of the real value of the property. Thereafter, the officer must give public notice of the time and place of sale for at least thirty days before the sale by advertisement in a newspaper published in and of general circulation in the county. R.C. 2329.26. The land cannot be sold for less than two thirds of the appraised value. R.C. 2329.20. There is no statutory dictate that a hearing be held at this time. If the court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, inclusive, it shall confirm the sale. R.C. 2329.31. Where the trial court abuses its discretion in confirming the sale, a reviewing court will reverse that decision." *Ohio Sav. Bank v. Ambrose,* 56 Ohio St.3d at 55, 563 N.E.2d at 1389.

This court has reviewed the record, which shows that the statute was followed.

Defendants contend that the sheriff's appraisal of $110,000 was inordinately low, since Porter & Associates appraised the same property for $169,000 on October 18, 1990. They argue that it is very likely a higher appraisal would have resulted in a higher purchase price for the property.[1] Plaintiff's exhibits, however, which were properly authenticated by affidavit of Felix Melchor, an assistant vice president for Mid American National Bank, are the only evidence of fair market value of the property. A broker's price opinion prepared by Edward Koch, a licensed real estate broker, estimated that market value on March 8, 1994 ranged between $110,000 and $115,000. This opinion also supports the sheriff's appraisal of $110,000 performed on August 30, 1994.

Second, defendant's memorandum baldly asserts there was no actual view of the entire property by the appraisers. The court, however, relies upon the written oath of the sheriff's appraisers that the appraisal was conducted upon actual view. An affidavit dated August 30, 1994 accompanying the appraisal for $110,000 states, "entry was gained." Defendants have not provided competent evidence to challenge this. Unsworn statements of defense counsel do not rise to the level of evidence. *Cleveland, Painesville & Eastern R.R. Co. v. Pritschau* (1904), 69 Ohio St. 438, 69 N.E. 663.

---

1. The court notes that the sheriff's sale price of $112,000 would still meet minimum bid requirements if in fact an appraisal of $169,000 were used.

14

Since defendants have failed to present evidence that the property was not adequately appraised or that the appraisers did not follow statutory requirements, the court finds that the sale was made in compliance with law and the orders of this court and therefore should be confirmed.

A separate entry for confirmation of sale and order of distribution will be entered this date.

## JUDGMENT ENTRY

It is ORDERED that the Objection to Confirmation of Sheriff's Sale filed by defendants Carol Favorite, trustee, Carol A. Favorite, and Gene Favorite is OVERRULED. It is further ORDERED that plaintiff's Confirmation Entry and Order of Distribution is ORDERED FILED by separate entry this date.

THIS IS A FINAL APPEALABLE ORDER.

*Judgment accordingly.*