SMITH et al., Appellees,

v.

NAJJAR et al., Appellants.

[Cite as *Smith v. Najjar,* 163 Ohio App.3d 208, 2005-Ohio-4720.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 2004CA0102.

Decided Aug. 31, 2005.

Clifford J. Murphy, for appellees.

James H. Banks, for appellants.

_____

Gwin, Judge.

{¶ 1} Defendant Nina Najjar appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which revalued her property and ordered it sold in tax foreclosure. Appellant assigns two errors to the trial court:

{¶ 2} "I. The trial court erred in its determination of the fair market value of the property.

{¶ 3} "II. The trial court erred in accepting the value of the property established by the board of revision when that value was based upon false and fraudulent information and was based upon a sheriff sale price."

{¶ 4} On November 6, 2000, the Richland County Treasurer's Office initiated this action by filing a tax foreclosure complaint against appellant for property titled in her name and located in Mansfield, Richland County, Ohio. Appellee John Bechtel filed a cross-claim against appellant for foreclosure on a $42,500 mortgage he held on the property. There were various other parties joined, who are not parties to this appeal.

{¶ 5} In June 2001, appellant and appellee attempted to resolve the cross-claim by entering into an agreement. This agreement was memorialized in a judgment entry captioned "Agreed Judgment Entry of Foreclosure between John Bechtel

and defendant Nina M. Najjar, Trustee," filed on August 29, 2001. In the agreed judgment entry, the parties agreed that the total debt owed was $42,500. Appellant had until August 1, 2001, to pay this amount. If she paid the full amount, appellee would dismiss his cross-claim without prejudice. If appellant did not meet the August 1, 2001 deadline, the parties agreed that the property would be subject to an immediate foreclosure sale.

{¶ 6} Appellant failed to pay appellee by August 1, 2001, and the trial court ordered the property sold. Three appraisers valued the property at $36,000. Appellee was the successful bidder at the sheriff's sale, bidding $24,000, the required two thirds of the appraisal amount. The trial court confirmed the sale and entered an additional deficiency judgment in favor of appellee in the amount of the $19,697.36.

{¶ 7} Appellant filed a motion pursuant to Civ.R. 60(B), asking the court to set aside its judgment confirming the sale because she did not receive notice of the appraisals and sale. The trial court overruled the motion, but this court reversed and remanded the matter in *Smith v. Najjar* (July 11, 2003), Richland App. No. 02CA0069, 2003-Ohio-3745, 2003 WL 21652175.

{¶ 8} In our first opinion, this court found that appellant had received no notice of the sale or appraisals pursuant to R.C. 2329.26 and Civ.R. 5. The majority found that in the agreed judgment, appellant had waived her right to contest the amount due, but had not waived her right to be notified of the appraisals and sale. The majority concluded that appellant should succeed in her Civ.R. 60(B) motion. This court stated, "[T]he Civ.R. 60(B) motion should have been granted for the limited purpose of challenging the appraisals and permitting the sale. The January 28, 2002 order of sale remains in effect." *Smith v. Najjar*, 2003-Ohio-3745, 2003 WL 21652175, ¶ 24.

## I & II

{¶ 9} The Revised Code does not set forth a specific procedure by which an owner can challenge the appraisals of his or her foreclosed property. Our review of the case law indicates that there are two methods usually utilized. First, the property owner may object to the order of foreclosure and sale, and the court then reviews the matter prior to the sheriff's sale. By failing to afford her notice, the court deprived appellant of this method of attack.

{¶ 10} The other method, and the one that case law indicates is used more often, is for the property owner to challenge the confirmation of the sale and order of distribution after the sheriff's sale. In deciding whether to confirm the sale, the trial court must determine that all the requirements of the Revised Code have been met before confirming the sale. See R.C. 2929.31. Property owners

may bring their objections to the appraisals in this way by arguing that not all the statutory requirements have been met.

▮ {¶ 11} The distinction is not merely academic, but has important procedural implications. An order of foreclosure and sale is a final appealable order, see e.g., *BCGS, L.L.C. v. Raab* (July 17, 1998), Lake App. No. 98–L–041, 1998 WL 552984, and the later order confirming the sale and distributing the proceeds is a second, separate, final appealable order.

▮ {¶ 12} Appellant's motion for relief from judgment challenged the second final order, confirming the sale. This order was brought for our review in the first appeal. This court reversed the court's judgment and remanded this matter to the trial court, but specifically did not vacate the order of sale entered in January 2002. We did not have jurisdiction over the January 2002 final appealable order because appellant did not file a Civ.R. 60(B) motion to set it aside, nor was it the subject of a timely direct appeal.

{¶ 13} Upon remand, the trial court returned to the case at the point where the error originally occurred, which was prior to the entry of foreclosure and order of sale. This procedure may seem logical and equitable, but the entry of foreclosure and order of sale was res judicata. The judgment we reversed in the first appeal was the order confirming the sale and distributing the proceeds, and thus the trial court should have reviewed appellant's objections to the confirmation of the sale and either confirmed the sale or sustained the objections and set aside the sale.

{¶ 14} Instead, the trial court ordered an evidentiary hearing on the value of the property, and appellant and appellee both presented evidence. The magistrate who conducted the evidentiary hearing found the property to be worth $24,000 at the time of the hearing, over two years after the sheriff's sale. The trial court overruled appellant's objections to the magistrate's decision and ordered a new sale of the property with an appraised amount of $24,000.

▮ {¶ 15} We find upon remand that the hearing should have been limited to appellant's objections to judgment confirming the sale. Appellee had no standing to present evidence that the original appraisal was too high. The Ohio Supreme Court has held that purchasers at a sheriff's sale have no vested right in a property until confirmation of the sale, because if the sale is not confirmed, the purchaser has no claim. From this, the Supreme Court concluded that a purchaser has no standing to participate in a motion to set aside the sale. See, e.g., *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 664 N.E.2d 931. Citations deleted.

{¶ 16} Appellee is not only the purchaser, but also the mortgage holder. Ohio law is sparse on the question, but at least one case has held that a mortgage holder may have a limited right to participate in the hearing. See *Mid American Natl. Bank v. Favorite* (1995), 78 Ohio Misc.2d 11, 669 N.E.2d 573. However, appellee opposed appellant's motion to set aside the confirmation of sale and did not file his own objections. We find that appellee was estopped from presenting any evidence that the property had been improperly appraised.

{¶ 17} The subject of the hearing on the motion was whether the property was worth more than $36,000 on the day of the sale. If the trial court was unpersuaded by appellant's arguments that the property was worth more at that time, it should have overruled her motion to set aside the sale, confirmed the sale, distributed the proceeds, and entered a deficiency judgment, if necessary. Any evidence of the present value of the property or evidence that it had depreciated while the first appeal was pending was irrelevant.

{¶ 18} The trial court was clearly unpersuaded by appellant's arguments and overruled her motion to set aside the sale. We find that the court erred as a matter of law in not proceeding to confirm the sale and disburse the proceeds. While we note that the trial court tried to fashion an equitable order allowing for any change in the property value during the course of the first appeal, the court could not order a new sale. The procedure by which a court protects the parties while an appeal is pending is by supercedeas bond.

{¶ 19} We find that the trial court erred in reducing the appraised value of the property and ordering a new sale. The assignments of error are sustained.

{¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County is reversed, and the cause is remanded to the trial court to confirm the sale of the subject property, disburse the proceeds, and award any necessary deficiency judgment.

Judgment reversed
and cause remanded.

BOGGINS, P.J., and FARMER, J., concur.