OPINION *Page 2 
{¶ 1} Appellant Nina M. Najjar appeals the decision of the Court of Common Pleas, Richland County, which entered an order of confirmation of sale of real estate owned by appellant as trustee. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 6, 2000, Daniel F. Smith, the Richland County Treasurer, filed a tax foreclosure complaint against Appellant Najjar, as trustee, regarding property located at 465 Diamond Street in Mansfield, Ohio. Appellee John Bechtel thereafter filed a cross-claim for foreclosure as possessor of a first mortgage on the property.
 {¶ 3} Initially, appellant and appellee were able to reach an agreed judgment entry. Pursuant to the terms of this agreed judgment entry, the amount of the deficiency and total debt owed was set at $42,500. Appellant was given until August 1, 2001 to pay this amount. If appellant so paid, appellee's cross-claim would be dismissed without prejudice. If appellant did not pay by August 1, 2001, the property would be subject to an immediate foreclosure sale.
 {¶ 4} Appellant failed to pay by August 1, 2001. Per the agreed entry, the trial court ordered the property to be sold. On September 9, 2002, the sale was confirmed, with appellee being the successful bidder.
 {¶ 5} On September 16, 2002, appellant filed a motion to set aside the sale, claiming the property's appraisal for the sale was below the treasurer's tax valuation of the property and she had insufficient notice of the sale as she was only served by publication. By order filed October 28, 2002, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal from the denial of the motion to aside the sale. On July 11, 2003, we reversed the trial court's judgment, and remanded the case for *Page 3 
further proceedings. See Smith v. Najjar, Richland App. No. 02CA0069, 2003-Ohio-3745, ("Smith I"). Upon remand, the trial court essentially returned to the case at the point where the error originally occurred, i.e., prior to the entry of foreclosure and order of sale, and ordered an evidentiary hearing on the value of the property. The magistrate who conducted the evidentiary hearing found the property to be worth $24,000 at the time of the hearing, over two years after the sheriff's sale. The trial court overruled appellant's objections to the magistrate's decision and ordered a new sale of the property with an appraised amount of $24,000.
 {¶ 7} Appellant again appealed. In our decision issued August 31, 2005, we found that the remanded hearing should have been limited to appellant's objections to judgment confirming the sale, as appellee had no standing to present evidence that the original appraisal was too high. We also found that the court erred as a matter of law in not proceeding to confirm the sale and disburse the proceeds. Having concluded that the trial court had erred in reducing the appraised value of the property and ordering a new sale, we remanded the case to the trial court to confirm the sale of the subject property, disburse the proceeds, and award any necessary deficiency judgment. See Smith v.Najjar, 163 Ohio App.3d 208, 837 N.E.2d 419, 2005-Ohio-4720, ("SmithII").
 {¶ 8} Upon said remand, the trial court ordered an order of confirmation of sale, making the following distribution:
 {¶ 9} "1. Clerk of Courts; costs of this action including any appraiser fees not already paid to the Sheriff and for publication: $ 540.00
 {¶ 10} "2. Richland County Treasurer for any paid due and owing taxes: $ 3,723.64
 {¶ 11} "3. Recorder of Richland County: mortgage cancellation: $ 32.00 *Page 4 
 {¶ 12} "4. Defendant, John Bechtel, dba Olson Mortgage: Payment to Judgment: $19,704.36"
 {¶ 13} Judgment Entry, March 24, 2006.
 {¶ 14} On April 21, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 15} "I. THE TRIAL COURT ERRED IN SIMPLY CONFIRMING THE SALE OF THE PROPERTY WITHOUT AFFORDING APPELLANT DUE PROCESS.
 I. {¶ 16} In her sole Assignment of Error, appellant contends the trial court erred and violated her right to due process in confirming the sale of the Diamond Street property following our remand of August 31, 2005.
 {¶ 17} Appellant concedes that the trial court's action upon remand "appears to meet the mandates of this [Appellate] Court in its Opinion and Judgment Entry of August 31, 2005 * * *." Appellant's Brief at 10. However, appellant continues to maintain that the trial court did not properly confirm the sale in accordance with Ohio law, particularly R.C.2329.31. She also urges that the property appraisals were not in conformity with R.C. 2329.17, and that she was never properly notified of the sale.
 {¶ 18} "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " Pipe Fitters UnionLocal No. 392 v. Kokosing Constr. Co., Inc., 81 Ohio St.3d 214, 218,690 N.E.2d 515, 1998-Ohio-465, quoting Nolan v. Nolan (1984),11 Ohio St.3d 1, 3, 462 N.E.2d 410. The doctrine of the law of the case "functions to compel trial courts to follow the mandates of reviewing courts."Hubbard ex rel. Creed v. Sauline (1996), *Page 5 74 Ohio St.3d 402, 404, 659 N.E.2d 781, quoting Nolan, supra. "Moreover, the trial court is without authority to extend or vary the mandate given. * * * [Citations omitted.]" Id.
 {¶ 19} Our decision in Smith II specifically directs the cause be remanded to the trial court "to confirm the sale of the subject property, disburse the proceeds, and award any necessary deficiency judgment." Id. at ¶ 20. While this directive may have foreclosed appellant's ability to challenge the appraisals as was allowed in ourSmith I decision, appellant did not ask us to reconsider our decision inSmith II, nor did she seek an appeal to the Ohio Supreme Court.
 {¶ 20} Upon review, we conclude the doctrine of the law of the case controls, such that appellant's present challenges to the confirmation of sale must be denied. Appellants' sole Assignment of Error is therefore overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.
 By: Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Costs to Appellant. *Page 1