[Cite as *Fifth Third Mtge., Co. v. Rankin*, 2012-Ohio-2804.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | : | Case No. 11CA18 |
| Plaintiff-Appellee, | : | |
| v. | : | |
| JOHN RANKIN, ET AL., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellants. | : | **RELEASED 05/30/2012** |

APPEARANCES:

John Rankin, Williamsport, Ohio, pro se appellant.

Melissa N. Meinhart, Thomas G. Widman, and Andrew C. Clark, Manley Deas Kochalski LLC, Columbus, Ohio, for appellee.

FRENCH, J.

{¶1} Plaintiff-appellee, Fifth Third Mortgage Company ("Fifth Third"), moves for dismissal of this appeal, filed by defendant-appellant, John Rankin ("Rankin"), for lack of jurisdiction. For the following reasons, we grant Fifth Third's motion.

{¶2} Fifth Third initiated this action by filing a complaint for foreclosure against Rankin and various other defendants in the Pickaway County Court of Common Pleas. Fifth Third subsequently moved for summary judgment, and the trial court issued a Judgment Entry and Decree of Foreclosure on December 6, 2010. Rankin immediately appealed. *See Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 10CA45, 2011-Ohio-2757 ("*Rankin I*"). Rankin also filed a motion to stay the judgment, which the trial court denied after Rankin failed to file the required supersedeas bond.

{¶3}    While *Rankin I* was pending in this court, Fifth Third requested that the trial court issue an order for sheriff's sale.  Rankin was the successful bidder at the sheriff's sale, held March 1, 2011, and he submitted a deposit to the Pickaway County Sheriff's office.  The same day, Rankin filed a motion to vacate the sheriff's sale for alleged non-compliance with the notice requirements in R.C. 2329.26(A)(1).  On April 8, 2011, the trial court entered a Confirmation Entry of Sale and Distribution of Proceeds ("Confirmation Entry"), and, on April 14, 2011, the trial court denied Rankin's motion to vacate the sheriff's sale.  Rankin filed a Notice of Appeal from the Confirmation Entry. *See Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 11CA8 ("*Rankin II*").

{¶4}    On June 3, 2011, in *Rankin I*, this court affirmed the entry of summary judgment and decree of foreclosure in favor of Fifth Third.

{¶5}    On August 5, 2011, Fifth Third moved the trial court for a finding of contempt, to vacate the sheriff's sale and Confirmation Entry, for forfeiture of Rankin's deposit, and to forbid Rankin from bidding at a future sale of the property.  Fifth Third contemporaneously moved this court, in *Rankin II*, to remand jurisdiction to the trial court so the trial court could rule on Fifth Third's motion.  Fifth Third brought its motion in the trial court pursuant to R.C. 2329.30, based on Rankin's failure to remit the balance owed on the purchase price.  R.C. 2329.30 states as follows:

> The court from which an execution or order of sale issues, upon notice and motion of the officer who makes the sale or of an interested party, may punish any purchaser of lands and tenements who fails to pay within thirty days of the confirmation of the sale the balance due on the purchase price of the lands and tenements by forfeiting the sale of the lands and tenements and returning any deposit paid in connection with the sale of the lands and tenements, by forfeiting any deposit paid in connection with the sale of the

lands and tenements, as for contempt, or in any other manner the court considers appropriate.

The trial court granted Fifth Third's August 5, 2011 motion the same day, prior to a ruling on the motion to remand, which this court subsequently denied.

{¶6} In its August 5, 2011 order (the "order"), the trial court found Rankin in contempt of court, vacated the sheriff's sale and Confirmation Entry, and ordered a forfeiture of Rankin's $14,204 deposit. Although the caption of the order also includes "FORBIDDING PURCHASER FROM BIDDING AT FURTHER SALES," the text of the order contains nothing to that effect.

{¶7} Rankin filed a Notice of Appeal from the trial court's order, resulting in the instant appeal ("*Rankin III*"). Rankin also filed an original action for a writ of prohibition to bar the trial court from executing its order, arguing that the trial court lacked jurisdiction to issue the order. *See Rankin v. Common Pleas Court Pickaway Cty., Ohio*, 4th Dist. No. 11CA19. *Rankin II* also remains pending in this court.

{¶8} Fifth Third now moves this court to dismiss the instant appeal. Fifth Third asserts that the trial court's order is void and unenforceable because the trial court lacked jurisdiction to act while *Rankin II* was pending. Fifth Third also argues that the order is not final and appealable and that Rankin lacks standing to bring this appeal. Rankin opposes each of Fifth Third's arguments in support of dismissal, although he concedes that the trial court acted without jurisdiction in issuing its order.

{¶9} Because it is dispositive, we first address Fifth Third's argument that the order is void and unenforceable because the trial court lacked jurisdiction to issue the order and vacate the Confirmation Entry. Where a trial court issues an order without jurisdiction to do so, the court of appeals may properly vacate the order and dismiss an

appeal from that order. *See Ormandy v. Dudzinski*, 9th Dist. No. 09CA009713, 2010-Ohio-2017 (dismissing an appeal from a void order, which the trial court entered without jurisdiction while an appeal was pending); *Chuparkoff v. Kapron*, 9th Dist. No. 24234, 2009-Ohio-5462 (dismissing an appeal from a void order, filed after the plaintiff filed a notice of voluntary dismissal); *E.-W. Constr. Co., Inc. v. Ohio Dept. of Natural Resources*, 10th Dist. No. 99AP-480 (Dec. 30, 1999); *Eggert v. Puleo*, 8th Dist. No. 58381 (Sept. 27, 1990) (dismissing an appeal where the trial court lacked jurisdiction, due to the absence of a necessary party).

**{¶10}** Generally, a trial court loses jurisdiction to act in a case after an appeal has been taken. *State ex rel. Special Prosecutors v. Judges,* 55 Ohio St.2d 94, 97 (1978). Nevertheless, a trial court "retain[s] jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, [including] collateral issues like contempt, appointment of a receiver and injunction." *Id*. When an appeal is filed, the trial court loses jurisdiction to consider a motion to vacate, pursuant to Civ.R. 60(B), unless the appellate court remands the case and grants the trial court jurisdiction to decide the motion. *State ex rel. Rogers v. Marshall*, 4th Dist. No. 05CA3004, 2008-Ohio-6341, ¶ 30, citing *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994).

**{¶11}** The parties do not dispute that the trial court retained jurisdiction to order a sheriff's sale despite Rankin's appeal of the judgment entry and decree of foreclosure in *Rankin I*. Once a trial court files a final judgment or order, a party has a legal right to initiate proceedings to aid in the execution of that judgment, even after a notice of appeal is filed, unless a valid stay order has been issued and a supersedeas bond has

been posted. *Triple F Invests., Inc. v. Pacific Fin. Servs., Inc.*, 11th Dist. No. 2000-P-0090 (June 2, 2001). In a foreclosure action, the appraisal of the property, sale, and confirmation are special proceedings to enforce the order of sale and decree of foreclosure. *Id.* "Once an order of sale and decree of foreclosure is filed, a creditor may file a praecipe for an order directing the sheriff to sell the property. This second phase of the proceedings is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure." *Id.* Because Rankin did not successfully obtain a stay from the trial court's judgment entry and decree of foreclosure, the trial court retained jurisdiction to enforce its judgment by ordering a sheriff's sale and by subsequently confirming the sale.

{¶12} An order confirming a sheriff's sale is a second, separate, final, appealable order. *Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, ¶ 25 (8th Dist.), citing *Smith v. Najjar*, 163 Ohio App.3d 208, 2005-Ohio-4720 (5th Dist.). An order of confirmation is dispositive as to the propriety of the sale and the confirmation procedures unless the trial court properly vacates the confirmation pursuant to Civ.R. 60(B). *Mamone* at ¶ 26, citing *Triple F Invests.* Rankin timely appealed the Confirmation Entry and contends, in *Rankin II*, that the trial court erred by confirming the sheriff's sale because the notice requirements of R.C. 2329.26(A)(1) were not satisfied.

{¶13} Despite his opposition to Fifth Third's motion to dismiss, Rankin agrees that the trial court lacked jurisdiction to vacate the confirmation of sale. In fact, Rankin premises his pending prohibition action on the trial court's "total lack of jurisdiction" to vacate the confirmation of sale. The trial court would have lacked jurisdiction, upon the perfection of the appeal in *Rankin II*, to vacate its Confirmation Entry pursuant to Civ.R.

60(B) unless this court remanded the case for a decision. *See Howard* at 147. Here, the trial court vacated the Confirmation Entry in response to Fifth Third's motion for contempt, but we conclude that distinction does not affect the trial court's lack of jurisdiction to vacate an order from which an appeal is pending.

{¶14} Generally, in the absence of a stay pending appeal, a trial court retains jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment," including collateral issues, like contempt. *Special Prosecutors* at 97. *See also Mason v. Mason*, 3d Dist. No. 14-98-36 (Mar. 31, 1999), citing *Cardone v. Cardone*, 9th Dist. No. 18349 (May 6, 1998) (trial court retained jurisdiction to conduct contempt proceedings during the pendency of an appeal). The trial court, however, did not merely find Rankin in contempt of court. Instead, as a purported punishment for the contempt, the court ordered the vacation of the sheriff's sale and the Confirmation Entry. Although a finding of contempt is not inconsistent with this court's ability to review, affirm, modify or reverse the Confirmation Entry in *Rankin II*, the vacation of that entry is inconsistent with the pending appeal. *See Pisani v. Pisani*, 8th Dist. No. 69795 (July 18, 1996) (holding that a notice of appeal deprived the trial court of jurisdiction to vacate the order challenged on appeal); *Ford Consumer Fin. Co., Inc. v. Johnson*, 2d Dist. No. 20767, 2005-Ohio-4735, ¶ 13 (holding that, during the pendency of an appeal from a confirmation of sale, the trial court lacked jurisdiction to rule upon a motion to vacate the confirmation). Accordingly, we conclude that the trial court lacked jurisdiction to vacate the Confirmation Entry as a result of the pending appeal in *Rankin II*.

**{¶15}** An order issued without jurisdiction is a nullity; it is void and without legal effect. *State v. Hall*, 4th Dist. No. 06CA17, 2007-Ohio-947, ¶ 11, citing *Patton v. Diemer*, 35 Ohio St.3d 68, paragraph three of the syllabus. This court has no jurisdiction over appeals from void orders. *State v. Corder*, 4th Dist. No. 10CA3, 2010-Ohio-5652, ¶ 5, citing *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, ¶ 36. Moreover, Ohio courts possess inherent authority to vacate a void judgment. *Hall* at ¶ 11, citing *Patton* at paragraph four of the syllabus.

**{¶16}** In his memorandum in opposition to Fifth Third's motion to dismiss, despite admitting that the trial court lacked jurisdiction to set aside the Confirmation Entry, Rankin argues that the doctrine of invited error precludes Fifth Third from asserting error in the trial court's vacation of the Confirmation Entry, which Fifth Third, itself, requested. Under the invited-error doctrine, a party may not take advantage of an error that the party invited or induced the trial court to make. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359 (1994). The doctrine of invited error, however, does not apply to a question of subject-matter jurisdiction, as subject-matter jurisdiction cannot be waived and can, therefore, be raised at any time. *Davis v. Wolfe*, 92 Ohio St.3d 549, 552 (2001). Invited error is merely a branch of the waiver doctrine and cannot preclude the argument that the trial court lacked subject-matter jurisdiction. *Id.* Accordingly, Fifth Third may raise the trial court's lack of jurisdiction to vacate the Confirmation Entry through its motion to dismiss.

**{¶17}** Because the trial court lacked jurisdiction to vacate the sheriff's sale and its Confirmation Entry, the August 5, 2011 order is void and unenforceable. Therefore, we grant Fifth Third's motion to dismiss this appeal. Moreover, pursuant to this court's

inherent authority to vacate void judgments, we vacate the trial court's August 5, 2011

order.

**JUDGMENT VACATED, MOTION GRANTED;**
**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS VACATED, MOTION GRANTED and that the APPEAL IS DISMISSED.  Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

* Brown, P.J. & Tyack, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
Judith L. French, Judge *


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


* Susan D. Brown, P.J., Judith L. French, J., and G. Gary Tyack, J., of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.