[Cite as *CitiMortgage, Inc. v. Nyamusevya*, 2020-Ohio-5024.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CitiMortgage, Inc. | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-949 |
| v. | : | (C.P.C. No. 10CV-13480) |
| Leonard Nyamusevya, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on October 22, 2020

---

**On brief:** *Leonard Nyamusevya*, pro se.

**On brief:** *Graydon Head & Ritchey LLP*, and *Kara A. Czanik*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Leonard Nyamusevya, appeals from a judgment and decree of foreclosure of the Franklin County Court of Common Pleas entered November 15, 2018 for plaintiff-appellee, CitiMortgage, Inc. ("CitiMortgage"). The judgment granted CitiMortgage's oral motion for a directed verdict after CitiMortgage had presented unrebutted evidence as to the amount Nyamusevya owed on a promissory note. Because we find the trial court did not err in granting the motion for a directed verdict, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter originally arose in 2010, when CitiMortgage filed a complaint in foreclosure against Nyamusevya and other parties, who are not parties to this appeal, for nonpayment of a first mortgage on real property located at 2064 Worcester Court, Columbus, Franklin County, Ohio ("mortgage"), security for a promissory note ("note"). This Court previously considered CitiMortgage's foreclosure action in *CitiMortgage, Inc. v.*

*Nyamusevya*, 10th Dist. No. 14AP-464, 2016-Ohio-5588. In that appeal, Nyamusevya argued the trial court had erred when it (1) granted CitiMortgage summary judgment on its foreclosure claims, (2) denied several motions Nyamusevya had filed, and (3) denied Nyamusevya's motion to strike an affidavit CitiMortgage had filed. In a decision rendered August 30, 2016, this Court affirmed the judgment of the trial court granting summary judgment in favor of CitiMortgage but reversed in part, finding that there existed "an issue of fact as to the amount owed on the loan at the time of default." *Id.* at ¶ 32. This Court remanded "the matter for further proceedings to determine the amount owed." *Id.* at ¶ 32, 38.

{¶ 3} On September 12, 2016, Nyamusevya sought reconsideration of this Court's August 30, 2016 decision. By memorandum decision rendered November 1, 2016, this Court denied his application for reconsideration. On May 17, 2017, the Supreme Court of Ohio declined to accept Nyamusevya's appeal. *CitiMortgage, Inc. v. Nyamusevya*, 149 Ohio St.3d 1407, 2017-Ohio-2822.

{¶ 4} On remand to the trial court, Nyamusevya, pro se,[1] filed numerous motions in limine with respect to various matters, including the preservation of issues and evidentiary objections for appellate review. On February 15, 2018, the trial court denied a motion in limine Nyamusevya had filed on February 6, 2018. On February 26, 2018, Nyamusevya filed a motion for reconsideration. Before the trial court ruled on his February 26, 2018 motion for reconsideration, Nyamusevya filed a notice of appeal with this Court challenging the trial court's February 15, 2018 denial of his February 6, 2018 motion in limine. On March 19, 2018, this Court dismissed that appeal because the trial court's February 15, 2018 decision and entry was not a final appealable order.

{¶ 5} Among the motions Nyamusevya filed in March 2018 were a motion for settlement of the action, a motion to dismiss CitiMortgage's entire foreclosure action (motion to dismiss), and another motion to preserve issues and evidentiary objections for appellate review and an action for quiet title. In April 2018, he filed a motion for judgment on the pleadings.

---

[1] On July 25, 2017, Nyamusevya's then-trial counsel filed a motion to withdraw, stating "[c]ounsel would state that fundamental disagreements in the attorney-client relationship exist following the decision of the Tenth District and further representation of the Defendant may violate Rules 1.16(b)(4), 1.16(b)(5) and 1.16(b)(6) of the Ohio Rules of Professional Conduct." (July 25, 2017 Mot. to Withdraw at 1.)

{¶ 6} On April 5, 2018, the trial court issued a decision and entry that decided three motions Nyamusevya had filed. The trial court denied his February 26, 2018 motion for reconsideration because the trial court's February 15, 2018 decision and entry was not a final appealable order. It also denied his motion for settlement because the trial court could not force the parties to settle and would not order mediation because not all parties agreed and requested mediation. The trial court did grant his motion to remove the assigned magistrate. The trial court also scheduled the matter for trial on November 5, 2018.

{¶ 7} On April 11, 2018, Nyamusevya filed an affidavit with the Supreme Court of Ohio seeking the disqualification of the assigned trial court judge alleging bias. On April 23, 2018, the Supreme Court denied Nyamusevya's request.

{¶ 8} On April 23, 2018, Nyamusevya filed with the trial court a motion to modify the August 30, 2016 Court of Appeals' decision to hold plaintiff's lack of jurisdiction standing to sue defendant, et al. (The record does not reflect a ruling was made on this motion.)

{¶ 9} On October 31, 2018, CitiMortgage filed a motion in limine to preclude Nyamusevya from introducing, or referring to, at trial his own affidavit as evidence that he had made a $26,000 payment to CitiMortgage's predecessor-in-interest in 2002. CitiMortgage argued the affidavit was inadmissible hearsay, was inadmissible for the purpose of impeachment, and indicated a lack of trustworthiness and a likelihood to mislead the jury.

{¶ 10} The issue for which the case had been remanded came on for trial November 5, 2018. As a preliminary matter, the administrative judge of the trial court reassigned the case to a visiting judge. The transcript of the trial is contained in the record. The visiting judge attempted to address CitiMortgage's October 13, 2018 motion in limine. Nyamusevya advised the visiting judge that he had not received the motion but would review it and respond to it at a later time. The visiting judge advised that he was going forward to address the motion before starting the trial that day and asked Nyamusevya if he had anyone helping him during the trial. Nyamusevya informed the visiting judge that the visiting judge did not have the judicial power to rule on the motion in limine or to conduct the trial. Eventually, after some discussion between the visiting judge and Nyamusevya, Nyamusevya stated he was leaving, even though the trial court clearly stated

the trial would be proceeding that day. After Nyamusevya vacated the courtroom, the trial court noted for the record that it was unnecessary to rule on CitiMortgage's October 31, 2018 motion in limine at that time.

{¶ 11} The trial court began voir dire by informing the prospective jurors about the issue to be decided and explaining Nyamusevya's absence. The trial court stated in pertinent part:

> And what we have here today is the defendant, the person who was to pay the mortgage, defendant asked for a jury trial on the issue of how much money he owes on the balance of the note.
>
> Now, the defendant was here this morning, but he has decided not to participate in the trial, and it's his right to do that. So he left, and he is not going to be participating in the case. So you're only going to hear the bank's side of the case.
>
> And don't worry why he's not here. He is just not here, and that was his decision, and it's a decision that he has the opportunity to make. But he asked for a jury trial, so that's why we brought you up here to make the decisions with respect to the issues that have been presented.
>
> The case is going to last just today. We'll finish it up today.
>
> But I want you to understand that even though you only have one side participating, you're to judge the facts of the case. You're to decide what, if any, amount of money that the defendant owes on the balance of his note, and you'll make that decision based upon a three-fourths [vote] of the jurors.

(Nov. 5, 2018 Tr. at 18-19.)

{¶ 12} After a jury was duly impaneled, CitiMortgage presented its case-in-chief. CitiMortgage called only one witness, Kyle Ramey, a CitiMortgage VP Recovery Senior Analyst. Ramey testified that CitiMortgage had held the promissory note secured by Nyamusevya's mortgage since 2007 and, thus, held it when the mortgage went into default on May 1, 2010 (or June 1, 2010). Ramey testified the amount due on the note as of November 5, 2018 was the principal balance of $98,452.56, plus interest at the rate of 6.25 per annum since June 2010, insurance and taxes. Ramey also testified as to CitiMortgage's three exhibits, which were admitted without objection. After CitiMortgage rested its case, it made an oral motion for a directed verdict, arguing that it had fulfilled the instructions

contained in this Court's August 30, 2016 decision to determine how much Nyamusevya owed CitiMortgage.  The trial court granted CitiMortgage's motion for a directed verdict.

{¶ 13}  Nyamusevya filed two post-trial motions to quash.  On November 8, 2018, he moved to quash CitiMortgage's proposed jury verdict form.  On November 13, 2018, he moved to quash CitiMortgage's October 31, 2018 motion in limine to preclude Nyamusevya from introducing or referring to his own affidavit at trial.

{¶ 14}  On November 15, 2018, the trial court issued a three-page decision entering judgment for CitiMortgage and a decree in foreclosure.  That decision noted that Nyamusevya had informed the trial court of his belief that it did not have jurisdiction to hear a jury trial, had vacated the courtroom prior to voir dire, and had not returned.

{¶ 15}  The trial court's November 15, 2018 judgment also overruled Nyamusevya's post-trial motion to quash CitiMortgage's November 2, 2018 jury verdict form. (Not reflected in the record, but it appears that, because Nyamusevya did not participate in the trial, the trial court had not ruled on CitiMortgage's October 31, 2018 motion in limine, making Nyamusevya's November 13, 2018 post-trial motion to quash moot.)

{¶ 16}  Also on November 15, 2018, Nyamusevya filed a motion to stay the trial court's judgment that had been entered earlier that day.  On November 29, 2018, CitiMortgage filed a memorandum opposing the motion to stay.  (Record does not indicate that the trial court ruled on the motion to stay.)

{¶ 17}  On December 12, 2018, before the trial court ruled on his motion to stay, Nyamusevya filed a notice of appeal from the trial court's November 15, 2018 judgment and decree in foreclosure.

## II. ASSIGNMENTS OF ERROR

{¶ 18}  Nyamusevya presents for our review seven assignments of error:

> [1.] The Trial Court erred and abused its discretion by issuing an unconstitutional November 15, 2018 Decision. On February 15, 2018, it reviewed; redacted; disregarded; affected; and modified the August 30, 2016 Decision from this Court of Appeals, without its discretion and judicial authority, by violating the Law of the Case Doctrine and both the Ohio and the U.S. Constitutions; consequently, its November 15, 2018 Decision is invalid; a nullity; void; unlawful; unconstitutional; meritless; and unenforceable.

[2.] The Trial Court exceeded the scope of its authority upon remand. The Trial Court erred and abused its discretion, when its February 15, 2018 and November 15, 2018 Decisions failed to ensure consistency of results in this Case at bar, for termination of and to avoid endless litigation by settling the issues, and to preserve the structure of Superior and Inferior Courts as designated by the Ohio Constitution; and caused a manifest injustice and miscarriage of justice affecting harmless Defendant-Appellant.

[3.] The Trial Court erred by proceeding limited to the issue of "damages." Plaintiff-Appellee never presented this unspecified "damages" issue and arguments in the First Appeal; and Both Count I and Count II in the Foreclosure Complaint never claimed or alleged any claims; allegations; or count for "damages;" and the Court of Appeals never ordered the issue of unspecified "damages," consequently, the Law of the Case Doctrine and the Doctrine of *res judicata* preclude Plaintiff-Appellee from raising "damages" issue now.

[4.] The Trial Court erred and abused its discretion by violating the Doctrine of *res judicata*. The Trial Court's November 15, 2018 Decision in the amount of the re-litigated and barred $98,452.56 limited to the issue of "damages" is void; invalid; a nullity; unlawful; and unenforceable, for being in violation of *res judicata*.

[5.] The Trial Court erred and abused its discretion on remand by failing to start where the error occurred in the First Appeal, as required by the Law of the Case Doctrine and Ohio law. The issue of unspecified "damages" was not part of the First Appeal and was never raised by the parties in the First Appeal; consequently, the Trial Court lacked its discretion to *sua sponte* start at the issue of "damages."

[6.] The Trial Court erred by concealing to the jury Defendant-Appellant's contention for not staying before the Trial Court; and by misleading the jury that "principal injury amount" is synonymous to "damages" and abused its discretion on remand by concealing to the jury that this Court of Appeals previously reversed on the merit the Trial Court's Decision; and had determined that the Trial Court lacked its justiciable controversy between the parties; and had denied the Consolidated Note Report and the claimed principal injury amount of $98,452.56; consequently, the November 15, 2018 Decision would have been different.

[7.] The Trial Court erred and abused its discretion because its November 15, 2018 Decision is substantially against the preponderance of the manifest weight of the evidences in favor of Defendant-Appellant; and for failing to order that the Note be surrendered to the Clerk of Court; and for failing to grant a Quiet Title to Plaintiff-Appellant. None of Plaintiff-Appellee's [sic] Exhibit at Trial disclosed the concealed 23-mont [sic] period of accounting repayment records and history from August 01, 2002 to April 15, 2004, *Id.* at ¶ 30.

## III. LAW AND DISCUSSION

### A. Standard of Review

{¶ 19} A directed verdict is provided for in Civ.R. 50(A), which states:

Motion for directed verdict.

(1) When made.

A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

(2) When not granted.

A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

(3) Grounds.

A motion for a directed verdict shall state the specific grounds therefor.

(4) When granted on the evidence.

When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

(5) Jury assent unnecessary.

The order of the court granting a motion for a directed verdict
is effective without any assent of the jury.

{¶ 20} Under Civ.R. 50(A)(4), a trial court must grant a motion for directed verdict if, after construing the evidence most strongly in favor of the nonmoving party, it concludes that "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to [the nonmoving] party." *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶ 14; *Goodyear Tire & Rubber Co. v. Aetna Cas. & Surety Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 4. A motion for directed verdict tests whether the evidence is sufficient to warrant a jury's consideration, so in deciding whether to grant a directed verdict, a trial court considers neither the weight of the evidence nor the credibility of witnesses. *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 31. Because a directed verdict tests only the sufficiency of the evidence, it presents a question of law that appellate courts review de novo. *Groob* at ¶ 14; *Goodyear Tire & Rubber Co.* at ¶ 4.

## B. Assignments of Error

{¶ 21} Nyamusevya's seven assignments of error assert the trial court erred in conducting the November 5, 2018 trial and, thereafter, entering the November 15, 2018 judgment for CitiMortgage and decree in foreclosure. In the interest of judicial economy, we address the assignments of error together.

{¶ 22} This Court's August 30, 2016 decision had affirmed the trial court's decision granting summary judgment in favor of CitiMortgage. That matter is not up for review again. Rather, this Court remanded this matter to the trial court for the sole purpose of determining the amount of money Nyamusevya owed CitiMortgage on the promissory note. Despite that ruling, Nyamusevya persisted in arguing through his motion practice on remand the wrongful nature of CitiMortgage's foreclosure action and raising the doctrines of res judicata, claims preclusion, law of the case, and manifest weight of the evidence. In short, he sought to relitigate the entire foreclosure action.

{¶ 23} Nyamusevya had the opportunity to present evidence on the issue of how much money he owed CitiMortgage at the trial conducted November 5, 2018. He abandoned that opportunity when he left the courtroom before voir dire and failed to

return, even though the trial court had apprised him that the trial was proceeding that day. Nyamusevya cannot argue on appeal issues he could have raised at the November 5, 2018 trial had he chosen to participate in that trial.

**{¶ 24}** CitiMortgage presented its case-in-chief in Nyamusevya's absence. At the close of all the evidence—in this instance, only the evidence presented by CitiMortgage—CitiMortgage moved for a directed verdict. CitiMortgage read into the record of the trial the instructions contained in this Court's August 30, 2016 judgment and stated the specific grounds on which it requested a directed verdict, stating:

> At this point [CitiMortgage] would move for a directed verdict. The only evidence that was heard today was that from [CitiMortgage]. There has been no dispute. There is only one set of documents for the jury – I'm sorry, that were admitted into evidence and they all say the same thing.
>
> * * *
>
> But I'm looking at the decision from the Court of Appeals from September 6th, 2016,[2] and the decision – what the Court of Appeals found says, "Viewing the evidence in a light most favorable to Appellant –" that was Mr. Nyamusevya "—we find that Appellant's affidavit creates an issue an issue of fact as to the amount owed on the loan at the time of default.
>
> "Accordingly, Appellant's first assignment of error shall be sustained in part as to the amount Appellant owes on the loan and the case shall be remanded to the trial court for further proceedings to determine the amount owed."
>
> And then the opinion concludes with that [sic] the Court of Appeals remands the matter for further proceedings to determine the amount Appellant owes on the loan. That's the only issue for today.
>
> As I have said a moment ago, that issue is uncontested at this point. The only evidence that the Court heard today was that the Appellant owes on the loan $98,452.56, plus interest at 6.25 percent per anum [sic] from June 1 of 2010, plus advances made by the mortgage company to protect the property, all of which can be calculated as necessary upon the foreclosure sale of the property.

---

[2] The record reflects that this Court's August 30, 2016 judgment was filed in the trial court on September 6, 2016.

> With that, I would ask the Court to make the ruling, and I thank you, Judge.

(Nov. 5, 2018 Tr. at 59-60.)

{¶ 25} The trial court's November 15, 2018 judgment, after noting Nyamusevya's decision not to participate in the trial and his pre-voir dire departure, states in pertinent part:

> Nevertheless, the Court enpaneled [sic] a jury and proceeded with voir dire in the absence of [Nyamusevya], finding the first eight jurors satisfactory and having no peremptory challenges by [CitiMortgage]. Following the presentation of [CitiMortgage's] evidence, consisting of the testimony of Mr. Ramey and [CitiMortgage's] exhibits, which were admitted without objection, the Court entertained [CitiMortgage's] oral motion for directed verdict, and now makes the following findings of fact and conclusions of law:
>
> The Court finds that [CitiMortgage] adduced sufficient evidence of the amount due on the mortgage loan of [Nyamusevya], and that [CitiMortgage's] evidence was unrebutted. Therefore, the Court finds that there is due from [Nyamusevya] to [CitiMortgage] the sum of $98,452.56, plus interest thereon at the rate of 6.25% per annum from June 1, 2010, plus advances made by [CitiMortgage] for taxes, insurance, and otherwise to protect the property, and the costs of this action, the full amount of which may be ascertained, as necessary, after judicial sale of the property. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St. 3d, 2014-Ohio-1984.

(Nov. 15, 2018 Jgmt. Decree in Foreclosure at 1-2.)

{¶ 26} The trial court acted appropriately when it explained Nyamusevya's absence to the jury, offering a neutral explanation so as to avoid influencing the jurors for or against Nyamusevya.

{¶ 27} Having independently reviewed the record and the parties' briefs, Nyamusevya's assignments of error are not well-taken. None of the issues he raises on this appeal are relevant to the only issue that was before the trial court, that being the amount of money he owed CitiMortgage. We find that the trial court properly applied the law to conclude that CitiMortgage had stated its motion for a directed verdict with specificity, had provided sufficient evidence of the amount Nyamusevya owed CitiMortgage, and Nyamusevya had not rebutted that evidence. We conclude, therefore, that the trial court

did not err in granting CitiMortgage's motion for a directed verdict or in awarding the amount CitiMortgage sought. We also find the trial court did not err in denying Nyamusevya's November 8, 2018 motion to quash.

{¶ 28} Consequently, Nyamusevya's seven assignments of error are overruled.

## IV. CONCLUSION

{¶ 29} Based on the foregoing, we overrule Nyamusevya's seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

_____