[Cite as *CitiMortgage v. Nyamusevya*, 2021-Ohio-219.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Citimortgage, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-155 |
| v. | : | (C.P.C. No. 10CV-13480) |
| Leonard Nyamusevya, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 28, 2021

**On brief:** *Dinsmore & Shohl LLP*, and *Kara A. Czanik*, for appellee. **Argued:** *Kara A. Czanik*.

**On brief:** *Leonard Nyamusevya*, pro se. **Argued:** *Leonard Nyamusevya.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Leonard Nyasumevya, appeals the decision of the Franklin County Court of Common Pleas denying his pro se motion for relief from judgment in this mortgage foreclosure action.

{¶ 2} On November 15, 2018 and following a jury trial, the court rendered a judgment in foreclosure in favor of plaintiff-appellee, Citimortgage, and adjudged that the subject property could be sold at sheriff's auction to cover a mortgage deficiency of approximately $98,500 plus interest. Nyasumevya filed a timely direct appeal of that judgment on December 12, 2018, but this court stayed the appeal on May 3, 2019 due to a suggestion of bankruptcy filed the previous day. A discharge in bankruptcy was entered on

No. 20AP-155

November 21, 2019, and on January 10, 2020, this court ordered Nyasumevya's direct appeal to be scheduled for argument and thereafter submitted for a decision.

{¶ 3} But on February 13, 2020, after the bankruptcy stay was lifted but before his direct appeal was argued or determined by this court, Nyasumevya filed a Civ.R. 60(B) in the trial court. The court denied that motion on February 18, 2020, and Nyasumevya filed the instant appeal of that denial on March 13, 2020. And on October 22, 2020, while this appeal of the trial court's Civ.R. 60(B) ruling was pending, we issued a decision on the merits of Nyasumevya's direct appeal. *See Citimortgage v. Nyasumevya*, 10th Dist. No. 18AP-949, 2020-Ohio-5024. Accordingly, Nyasumevya's Civ.R. 60(B) motion was filed and denied by the trial court while the direct appeal of the underlying judgment was pending in this court, and Nyasumevya's direct appeal was determined while this appeal was under submission to this court.

{¶ 4} When a direct appeal of a judgment on the merits is filed, the trial court generally loses jurisdiction to consider a motion to vacate that judgment. *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994). It is true that during an appeal, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Id.* at 146. But the Supreme Court of Ohio has "expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment * * * [j]urisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Id.* at 147, citing *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 181 (1992). No such remand order was issued in this case. Accordingly, a trial court cannot issue relief under Civ.R. 60(B) while a direct appeal is pending. And where a trial court issues an order without jurisdiction to do so, the

No. 20AP-155

court of appeals properly vacates the order and dismisses an appeal from that order. *See*, *e.g.*, *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 11CA18, 2012-Ohio-2804, ¶ 9-10.

{¶ 5} Without a remand order from this court, the trial court lacked jurisdiction to rule upon Nyasumevya's Civ.R. 60(B) motion while his direct appeal remained pending. Accordingly, we vacate the trial court's decision and dismiss this appeal.

*Judgment vacated.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————————