[Cite as *CitiMortgage, Inc. v. Nyamusevya*, 2016-Ohio-5588.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CitiMortgage, Inc., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Leonard Nyamusevya, | : | No. 14AP-464 <br> (C.P.C. No. 10CVE-09-13480) |
| Defendant-Appellant, | : | (REGULAR CALENDAR) |
| (Consolata Nkurunziza et al., | : | |
| Defendants-Appellees). | : | |

D E C I S I O N

Rendered on August 30, 2016

**On brief:** *Lerner, Sampson & Rothfuss*, and *Rick D. DeBlasis*, for appellee CitiMortgage, Inc. **Argued:** *Rick D. DeBlasis*.

**On brief:** *Doucet & Associates Co., L.P.A.*, *Troy J. Doucet*, and *Daniel A. Yarmesch*, for appellant. **Argued:** *Brian A. Flick*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Leonard Nyamusevya, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, CitiMortgage, Inc. ("Citi"). For the reasons that follow, we affirm the judgment of the trial court in part and reverse in part.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 26, 2002, appellant executed a first mortgage on certain real property located 2064 Worcester Court, Columbus, Ohio ("mortgage"), as security for a promissory note ("note") to Capitol Mortgage Services, Inc. ("Capitol") in the amount of $136,700. Capitol subsequently assigned the mortgage and endorsed the note to ABN AMRO Mortgage Group, Inc. ("ABN"). The Franklin County Recorder duly recorded the mortgage on July 5, 2002. Citi subsequently acquired ABN by way of merger.

{¶ 3} When appellant defaulted on payment, Citi commenced a foreclosure action against appellant on September 14, 2010 in the Franklin County Court of Common Pleas. The caption of the complaint identifies plaintiff as "CitiMortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc." (Compl. at 1.) The complaint seeks a judgment on the note in the amount of $98,452.56, plus interest at 6.25 percent per annum from May 1, 2010, plus court costs, advances, and other allowable charges. Citi also named the Franklin County Treasurer as a defendant.

{¶ 4} Citi attached a copy of the mortgage as an exhibit to the complaint along with a "Corporation Assignment of Mortgage," dated June 26, 2002, purporting to assign the mortgage from Capitol to ABN. (Compl. at Ex. B.) The complaint alleges that a copy of the note "is not available at this time." (Compl. at 2.) On September 28, 2010, Citi submitted a notice of filing containing a copy of the note bearing a special indorsement from Capitol to ABN.

{¶ 5} On October 8, 2010, defendant-appellee Consolata Nkurunziza filed an answer to the complaint. On October 14, 2010, appellant, pro se, filed an answer and a counterclaim alleging violations of the Consumer Sales Practices Act and conversion. On June 6, 2011, Citi filed a motion for summary judgment both as to its claims for relief and the counterclaim. In the ensuing two-year period, appellant filed numerous motions seeking a dismissal of the complaint and for reconsideration of the trial court's rulings thereon. An unsuccessful mediation also took place.

{¶ 6} On July 10, 2013, the trial court issued a decision granting Citi's motion for summary judgment. Following the trial court's decision on summary judgment, appellant removed the action to the United State District Court. On March 24, 2014, the United

Sates District Court, Southern District of Ohio, Eastern Division, issued an order remanding the case to the trial court.

{¶ 7} On May 20, 2014, the trial court issued a judgment and decree in foreclosure in favor of Citi in the amount sought in the complaint. Appellant filed a timely notice of appeal to this court on June 11, 2014.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as error:

1. The Trial Court erred when it granted CitiMortgage summary judgment on its foreclosure claims.

2. The Trial Court erred when it denied Mr. Nyamusevya's Motions to Dismiss filed on October 14, 2010, August 1, 2011, August 9, 2011, August 15, 2011, and April 18, 2013.

3. The Trial Court erred when it denied Mr. Nyamusevya's Motion to Strike Cindy Schneider's Affidavit filed December 21, 2011.

## III. STANDARD OF REVIEW

{¶ 9} Appellate review of summary judgment is de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 8. To obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, ¶ 24.

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 10} In appellant's first assignment of error, appellant contends that the trial court erred by granting Citi's motion for summary judgment because Citi did not submit sufficient proof of its standing to enforce the note and foreclose on the mortgage and because Citi failed to establish the amount owed on the note. We disagree.

{¶ 11} Summary judgment in a foreclosure action is not appropriate unless the party seeking foreclosure presents evidentiary-quality materials showing (1) the movant is

the holder of the note and mortgage or is a party entitled to enforce the instrument, (2) if the movant is not the original mortgagee, the chain of assignments and transfers, (3) the mortgagor is in default, (4) all conditions precedent have been met, and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Thomas*, 10th Dist. No. 14AP-809, 2015-Ohio-4037, ¶ 9, 19; *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Bank of New York Mellon v. Rankin*, 10th Dist. No. 12AP-808, 2013-Ohio-2774, ¶ 23.

### 1. Standing

{¶ 12} Appellant first contends that Citi is not entitled to judgment in its favor, as a matter of law, because it failed to establish that it had standing to enforce the note and to foreclose on the mortgage at the time it filed the complaint. In making this claim, appellant contends that under the Supreme Court of Ohio decision in *Fed. Home Loan Mtge. Corp v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, a mortgagee must attach to the complaint all documents necessary to establish that it has standing to enforce the note and foreclose on the mortgage. We disagree with appellant's interpretation of *Schwartzwald*.

{¶ 13} In *Schwartzwald,* the plaintiff (Federal Home Loan) commenced a foreclosure action before it obtained an interest in the promissory note or an assignment of mortgage securing the loan. *Id.* at ¶ 2. The Schwartzwalds maintained that Federal Home Loan lacked standing to sue. The trial court granted Federal Home Loan's motion for summary judgment and issued a decree of foreclosure. The appellate court held that Federal Home Loan remedied its lack of standing when it obtained an assignment from the real party in interest subsequent to the commencement of the foreclosure action.

{¶ 14} The Supreme Court of Ohio concluded that the plaintiff did not have standing because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Id.* at ¶ 28. The decision in *Schwartzwald* is grounded on the proposition that " '[i]t is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' " (Emphasis deleted.) *Id.* at ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). Under

*Schwartzwald*, a "lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * * without prejudice." *Id.* at ¶ 40.

{¶ 15} Appellant argues that summary judgment in favor of Citi is inappropriate under *Schwartzwald* because Citi failed to attach to its complaint either a copy of the note or documents evidencing its merger with ABN. This court, however, has taken the position that under *Schwartzwald*, a mortgagee can offer proof after the filing of the foreclosure action to establish that it was a holder of the note at the time the mortgagee filed the complaint. *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 9. This court has also held that "a mortgagee can offer proof after the filing of the foreclosure action to establish that the mortgage was assigned to the mortgagee prior to or at the time of the filing of the foreclosure action." *Bank of New York Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 18.

{¶ 16} Appellant relies on the decision of the Ninth District Court of Appeals in *Wells Fargo Bank N.A. v. Horn*, 9th Dist. No. 12CA010230, 2013-Ohio-2374, as support for their interpretation of the *Schwartzwald* case. In *Horn*, the original lender was Norwest Mortgage, Inc. *Id.* at ¶ 2. In Wells Fargo's complaint for foreclosure, Wells Fargo identified itself as the "successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." *Id.* at ¶ 12. Wells Fargo did not, however, attach documents to the complaint evidencing the merger. *Id.* Wells Fargo subsequently submitted the merger documents in connection with its motion for summary judgment. *Id.* at ¶ 13. Relying on the decision of the Supreme Court in *Schwartzwald*, the Ninth District concluded that Wells Fargo "was required to demonstrate that it had standing to invoke the jurisdiction at the time the complaint was filed, and it failed to do so in the complaint and the documents attached thereto." *Horn* at ¶ 13. Because Wells Fargo had not attached documentation to its complaint showing that Wells Fargo was the successor to the previous mortgagee, the Ninth District concluded that Wells Fargo lacked standing to bring the foreclosure action against Horn. The Ninth District remanded the case to the trial court to dismiss the complaint without prejudice. *Id.* at ¶ 14.

{¶ 17} Subsequent to the briefing in this case, the Supreme Court in *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, reversed the Ninth District decision. In so doing, the Supreme Court clarified its prior decision in *Schwartzwald* by

explaining that a mortgagee need not prove standing at the time the foreclosure action is filed. *Horn*, 2015-Ohio-1484, at ¶ 1. "Rather, although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Id.* Accordingly, the Supreme Court concluded that Wells Fargo had standing to commence an action on the note and to foreclose on the mortgage as a successor in interest to Wells Fargo Home Mortgage, Inc. f.k.a. Norwest Mortgage, Inc., even though Wells Fargo did not attach copies of the merger documents to the complaint in foreclosure.

{¶ 18} Here, Citi alleged in the complaint that it is the "successor by merger to ABN AMRO Mortgage Group, Inc." (Compl. at 1.) Based on the holding of the Supreme Court in *Horn*, Citi was not required to attach the merger documents to the complaint in order to show that it had an interest in the note and the mortgage at the time it filed the complaint. Rather, Citi could submit proof that it was the successor in interest to ABN with its motion for summary judgment.

{¶ 19} Appellant argues, in the alternative, that subsequent to the filing of the complaint, Citi failed to produce evidence establishing that it had an interest in both the note and mortgage at the time it filed the complaint. We disagree.

{¶ 20} In support of the motion for summary judgment, Citi submitted the March 13, 2011 affidavit of Cindy Schneider, a Citi Business Operations Analyst. Schneider's affidavit provides, in relevant part, as follows:

> 1. In my job position I have access to and I am authorized to take custody of the loan origination files, collateral files, mortgage loan account records and all other documents maintained and controlled by Citi, that relate to residential mortgage loan accounts which are serviced by Citimorgage [sic], Inc.

> 2. Affiant states that the collateral file, maintained by Citi, includes the original promissory Note ("Note") dated June 26, 2002, executed by Defendants, originally payable to Capital Mortgage Corporation, Inc. for the original amount of $136,700.00. The collateral file also includes the original Mortgage executed by Defendants in favor of Capital Mortgage Corporation, Inc. The Mortgage identifies and encumbers the real property commonly known as 2064 Worcester Court, Columbus, OH 43232 ("Property"). The

> Mortgage duly filed for record on July 5, 2002, at Instrument No. 200207050165969, in the Franklin County Recorders [sic] Office. Citi's records further include the Assignment of the subject Mortgage from Capitol Mortgage Corporation to ABN AMRO Mortgage Group, Inc. *True and accurate copies of the Note, Mortgage and Assignment as they are maintained by Citi are attached as Exhibits "B", "C" and "D" respectively.*
>
> 3. A review of Exhibit "A" establishes that the Defendants did not tender the monies necessary to cure the default, as required by the July 30, 2010 demand letter and as a result, Plaintiff elected to accelerate the entire amount due and owing.
>
> 4. Attached hereto as Exhibit "F" is a true copy of corporate merger documents, which indicate that ABN AMRO Mortgage Group, Inc. was acquired by Citimortgage, Inc. These merger documents are kept in the course of the regular business activity of Citimortgage, Inc. and are maintained in accordance with paragraph number 1 herein.

(Emphasis added.) (Schneider Aff. at 1-2.)

{¶ 21} The trial court concluded that Schneider's unrebutted affidavit and the documents attached thereto established that Citi had standing to enforce the note and mortgage when Citi filed the complaint on September 14, 2010. With regard to the mortgage, Citi attached to its complaint both a copy of the mortgage for the subject property to Capitol and an assignment of the mortgage to ABN. Schneider's affidavit and the attached "Certificate of Merger" issued by the state of New York establish that on September 1, 2007, Citi became the successor in interest to ABN by way of merger. Thus, the evidence in the record establishes that Citi had an interest in the mortgage at the time it filed the complaint in foreclosure.

{¶ 22} With regard to the note, appellant points to alleged deficiencies in the affidavit which, according to appellant, creates an issue of fact whether Citi had an interest in the note at the time it filed the complaint. Appellant points out that Schneider fails to aver that ABN was a person in possession of the note at the time of the merger or that Citi had possession of the note when it filed the complaint.

{¶ 23} Our review of the evidence reveals that ABN had the right to enforce the note prior to the 2007 merger either by virtue of the special indorsement from Capitol or as the possessor of the note indorsed in blank. *See* former R.C. 1301.01(T)(1)(a) and (b) (repealed), now R.C. 1301.201(B)(21)(a). It is also without question that Citi became the successor to ABN's interest in the note on September 1, 2007, by virtue of the merger. Citi alleged in the complaint that it was the holder of the note and subsequently produced a "true and accurate" copy of the note indorsed in blank by ABN. Schneider averred that a "true and accurate" copy of the note is contained in Citi's collateral file. Thus, the evidence produced by Citi established that it was entitled to enforce the note at the time it filed the complaint. The fact that Citi earlier produced an unauthenticated copy of the note bearing only the special indorsement from Capitol to ABN does not give rise to a factual issue whether Citi had an interest in the note when it filed the complaint. Appellants produced no evidence in response to Citi's motion for summary judgment to support the allegation that ABN was not a holder of the note at the time of the merger or that Citi was not a holder of the note at the time it filed the complaint. Appellant's assertions to the contrary are pure speculation. *See, e.g., U.S. Bank Natl. Assn. v. Urbanski*, 10th Dist. No. 13AP-520, 2014-Ohio-2362, ¶ 21 ("It is well understood that using mere speculation to raise questions of material fact is not enough to defeat a summary judgment motion."); *Poliseno v. Mitchell*, 10th Dist. No. 09AP-1001, 2010-Ohio-2615, ¶ 26 (finding mere speculation is not sufficient to overcome a motion for summary judgment), citing *Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 66.

{¶ 24} Because there were no genuine issues of fact with regard to Citi's right to enforce the mortgage and the note at the time it filed the complaint, Citi had standing to commence the foreclosure action against appellant.

### 2. Amount Due and Owing on the Note

{¶ 25} Appellant next contends that Citi is not entitled to judgment as a matter of law because it failed to establish the absence of a factual issue regarding the amount owed on the note. Schneider's affidavit provides, in relevant part, as follows:

> 1. Attached hereto as Exhibit "A" is an authentic printout of said business activity and payment history of the mortgage

> loan account of Leonard Nyamusevya and Consolata Nkurunziza ("Defendants"), Defendants-Borrowers in this foreclosure proceeding. Said printout [is] known as the Consolidated Note Report * * *.
>
> * * *
>
> 5. Affiant states that a review of the payment history attached as Exhibit "A" indicates that the account is due for the June 1, 2010 payment and all subsequent payments. Exhibit "A" further establishes that Defendants Leonard Nyamusevya and Consolata Nkurunziza owe Citimortgage, Inc. a principal balance of $98,452.56 with interest at the rate of 6.25000% per year from May 1, 2010.

(Schneider Aff. at 1-2.)

{¶ 26} Appellant argues that the amount Schneider claims is due and owing on the note is erroneous because the Consolidated Note Report on which Schneider relies does not reflect account activity in the 23-month period between June 2002 and April 15, 2004. Appellant's affidavit provides, in relevant part, as follows:

> The Court's Records factually prove and substantiate that Defendant Leonard Nyamusevya paid a principal lump sum amount of **$26,000** on August 14, 2002, to ABN AMRO Mortgage Group, Inc. and therefore, the Court's Records and facts prove that on **August 14, 2002,** the mortgage loan repayment account balance was in the amount of **$110,412.80,** which is lower than the April 15, 2004 starting mortgage premium balance in the amount of **$130,344.04** per Plaintiff Citimortgage's redacted, forged and manipulated "Consolidated Note Report."[1]

(Emphasis sic.)

{¶ 27} Appellant argues that his affidavit creates an issue of fact as to the amount owed on the loan. Citi relies on *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, in arguing that appellant's self-serving affidavit standing alone and without corroborating materials under Civ.R. 56 is insufficient to demonstrate material issues of fact. In *Najar*, the lender submitted the affidavit of a loan servicing

---

[1] Appellant submitted his affidavit in connection with his May 1, 2013 amended reply memorandum contra Citi's June 6, 2011 motion for summary judgment.

agent who averred as to the amount owed on the loan based on the lender's "payoff statement." *Id.* at ¶ 40. The only evidence the borrowers offered to contradict the balance due on the note was an affidavit from the wife of one of the borrowers who averred that the payoff statement was "not a record of my payment history" and does not "accurately reflect the amount I owe on this account." *Id.* at ¶ 41, 43. Affiant also claimed she had receipts showing that she "remitted at least 4 payments * * * after October of 2009," but the receipts did not appear in the record on appeal. *Id.* at ¶ 41. The court in *Najar* found "little relevance" in affiant's claim that the lender's documentation did not "accurately reflect the amount I owe on this account," given the fact that affiant "was not one of the borrowers and, therefore, was not personally liable on the note." *Id.* at ¶ 43. With regard to the value of the remaining averments, the court of appeals concluded that the affidavit contained only conclusory, self-serving assertions without any corroborating materials and was insufficient to demonstrate issues of material fact. *Id.* at ¶ 42. In reaching this conclusion, the court noted that the affiant failed to identify what additional payments she contended were made, when they were made, the amount of the payments, or the amount she believed was due on the loan. *Id.* at ¶ 43.

{¶ 28} By contrast, in *Wells Fargo Bank, N.A. v. Fridley*, 9th Dist. No. 13CA0049, 2014-Ohio-5604, the lender made a general averment in her affidavit that payments had not been made and that a certain sum was due and owing. The borrower, Fridley, averred in her affidavit that she made payments in January or February 2013 that were not posted to her account. Viewing the evidence in a light most favorable to Fridley, the Ninth District concluded that a genuine dispute of material fact remained with respect to the amount due. *Id.* at ¶ 21. The Ninth District found *Najar* to be factually distinguishable because the borrower's affidavit in *Najar* was less specific then Fridley's affidavit regarding the date of the disputed payments and because the lender in *Najar* "submitted more evidentiary materials (such as a copy of the payoff statement for the loan) in support of its motion." *Id.* at ¶ 20.

{¶ 29} In *UAP-Columbus JV326132 v. Young*, 10th Dist. No. 14AP-422, 2014-Ohio-4590, this court found that a borrower's affidavit was insufficient to create an issue of fact as to the amount owed on the loan. *Id.* at ¶ 18. In *Young*, the borrower's affidavit contained only the conclusory statement that he made payments on the note that the

lender did not attribute to his account. The borrower failed to specify in the affidavit when those payments were made, the amount of such payments, and the amount he believed was currently due. The borrower also failed to provide any documentary evidence to support his claim. This court, citing *Najar*, agreed with the trial court that the borrower's affidavit was insufficient to prevent summary judgment. *Id.* at ¶ 18.

{¶ 30} Appellant's affidavit in this case is more specific than the affidavit considered by this court in *Young* and by the Eighth District in *Najar*. Here, appellant avers that he made a large payment to principal during the 23-month period that is not shown on the Consolidated Note Report attached to Schneider's affidavit. Appellant specifies the amount of the payment he made, the date he made the payment, and the amount he claims was due and owing as of April 15, 2004, the date of the first entry on the Consolidated Note Report. According to appellant, he owed $110,412.80 as of April 15, 2004, not $130,344.04 as shown in the Consolidated Note Report. Because Schneider's averment regarding the amount owed on the loan at the time of default is based on an assumption that the Consolidated Note Report shows the correct balance owed on April 15, 2004, appellant's affidavit casts doubt on the accuracy of Schneider's averment.

{¶ 31} Citi asks this court to reject appellant's affidavit because appellant did not provide any support for his claim that he made the lump sum payment in 2002. We agree, however, with the observation of the court in *Fridley* regarding the burden of production under Civ.R. 56:

> While affidavits are required in some instances to authenticate documents submitted in support of or in response to a motion for summary judgment, the reverse is not true. In other words, neither a moving party nor a nonmoving party is required by Rule 56 to provide documents, discovery responses, or transcripts of evidence in addition to properly framed affidavits.

*Id.* at ¶ 19, quoting *Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, ¶ 14.

{¶ 32} In our view, appellant's affidavit in this case is specific enough to meet appellant's reciprocal burden of producing evidence in response to Schneider's averment regarding the amount due on the loan. Viewing the evidence in a light most favorable to appellant, we find that appellant's affidavit creates an issue of fact as to the amount owed

on the loan at the time of default.  Accordingly, appellant's first assignment of error shall be sustained in part as to the amount appellant owes on the loan, and the case shall be remanded to the trial court for further proceedings to determine the amount owed.

{¶ 33} For the foregoing reasons, appellant's first assignment of error is sustained in part and overruled in part.

### B.  Second Assignment of Error

{¶ 34} In appellant's second assignment of error, appellant contends that the complaint does not allege sufficient facts to support a finding that Citi has standing to enforce the note and to foreclose on the mortgage.  In appellant's numerous motions to dismiss the complaint, appellant alleged that Citi's failure to attach to its complaint copies of the note and merger documents required dismissal of Citi's action for lack of standing. As noted above, the caption of the complaint identifies Citi as "successor by merger" to ABN.  Under the Supreme Court's decision in *Horn*, the complaint sufficiently alleges that Citi has standing to enforce the note and to foreclose on the mortgage as a successor by merger to ABN, even though Citi did not attach the merger documents as an exhibit to the complaint.  Similarly, for the reasons expressed by the Supreme Court in *Horn*, we are not persuaded by appellant's argument that the complaint is subject to dismissal for lack of standing because Citi did not prove that it was a holder of the note at the time it filed the complaint and did not attach the note as an exhibit to the complaint.  The complaint alleges that Citi "is the holder of a note, a copy of which is not available at this time." (Compl. at 2.)  This allegation is sufficient to withstand a motion to dismiss for lack of standing. *Schwartzwald*; *Horn*.

{¶ 35} For the foregoing reasons, appellant's second assignment of error is overruled.

### C.  Third Assignment of Error

{¶ 36} In appellant's third assignment of error, appellant contends that the trial court erred by denying the motion to strike Schneider's affidavit.  Appellant's argument on appeal is that Schneider's averment as to the amount owed on the loan should be stricken because Schneider failed to attach documents to her affidavit evidencing appellant's entire payment history.

{¶ 37} In sustaining appellant's first assignment of error in part, we determined that appellant's affidavit created an issue of fact regarding the amount appellant owed on the loan. Thus, our ruling on appellant's first assignment of error disposed of the issue raised in appellant's third assignment of error. Accordingly, appellant's third assignment of error is moot. App.R. 12(C).

## V. CONCLUSION

{¶ 38} Having sustained in part and overruled in part appellant's first assignment of error, having overruled appellant's second assignment of error, and having found appellant's third assignment of error moot, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings to determine the amount appellant owes on the loan.

*Judgment affirmed in part and reversed in part;*
*cause remanded with instructions.*

BROWN and KLATT, JJ., concur.

_____