[Cite as *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Leonard Nyamusevya, | : | |
| Relator, | : | |
| v. | : | No. 19AP-199 |
| Franklin County Court of Common Pleas Honorable Judge Daniel R. Hawkins, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on April 28, 2020

**On brief:** *Leonard Nyamusevya*, pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS/PROHIBITION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} In this original action, relator, Leonard Nyamusevya, requests a writ of mandamus to compel respondent, the Honorable Daniel R. Hawkins, a judge of the Franklin County Court of Common Pleas, to rule and dispose of certain motions in a foreclosure action brought by CitiMortgage, Inc. ("CitiMortgage") against relator's residential property. Relator also seeks a writ of prohibition, contending the court lacked jurisdiction to proceed with the foreclosure action because certain defects in the documentation underlying the complaint establish that CitiMortgage lacked standing as a proper plaintiff to bring the action.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondent's motion and dismiss this action.

{¶ 3} On February 6, 2020, relator filed objections to the magistrate's decision. On February 10, 2020, relator filed an addendum to the objections he filed on February 6, 2020. Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Relator does not clearly set out his objections in either his 21-page objections filed February 6, 2020, or his 25-page addendum to the objections filed February 10, 2020. Rather, buried in his February 6, 2020 objections, relator challenges certain of the magistrate's findings of fact. In addition, generally, in paragraph 19, relator states the magistrate "knew and should have known and should not have disregarded" certain facts. More specifically, relator objects as noted below.

{¶ 4} This court has stated that when a court enters judgment " 'without expressly determining a pending motion, the motion impliedly is denied.' " *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶ 31, quoting *Polivka v. Cox*, 10th Dist. No. 02AP-1364, 2003-Ohio-4371, ¶ 23. In considering relator's specific objections, we take into consideration our decision in relator's prior appeal to this court: *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 14AP-464, 2016-Ohio-5588, as well as the fact that he has another appeal currently pending in this court: *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 18AP-949.[1] Both appeals arose out of Franklin C.P. No. 10CVE09-13480, which is also the subject of this original action.

{¶ 5} In paragraph 41, relator states that the magistrate's finding of fact No. 1 is wrong because CitiMortgage was never the successor through the assignment and merger of the original lender Capitol Mortgage Services, Inc. In *CitiMortgage, Inc.*, 2016-Ohio-5588, at ¶ 2-3, we found:

> On June 26, 2002, appellant executed a first mortgage on certain real property located 2064 Worcester Court, Columbus, Ohio ("mortgage"), as security for a promissory note ("note") to Capitol Mortgage Services, Inc. ("Capitol") in the amount of $136,700. Capitol subsequently assigned the mortgage and endorsed the note to ABN AMRO Mortgage Group, Inc.

---

[1] Case No. 18AP-949 was submitted to this court on March 25, 2020.

> ("ABN"). The Franklin County Recorder duly recorded the mortgage on July 5, 2002. Citi subsequently acquired ABN by way of merger.
>
> When appellant defaulted on payment, Citi commenced a foreclosure action against appellant on September 14, 2010 in the Franklin County Court of Common Pleas. The caption of the complaint identifies plaintiff as "CitiMortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc." (Compl. at 1.) The complaint seeks a judgment on the note in the amount of $98,452.56, plus interest at 6.25 percent per annum from May 1, 2010, plus court costs, advances, and other allowable charges. Citi also named the Franklin County Treasurer as a defendant.

Accordingly, we overrule this objection.

{¶ 6} In paragraph 46, relator states that the magistrate's finding of fact No. 2 is "futile and irrelevant" because this court reversed the trial court's decision in part in a prior appeal. In *CitiMortgage, Inc.*, 2016-Ohio-5588, at ¶ 6, we found "on July 10, 2013, the trial court issued a decision granting Citi's motion for summary judgment." Accordingly, we overrule this objection.

{¶ 7} In paragraph 47, relator states the magistrate's finding of fact No. 5 is now "futile and irrelevant" because CitiMortgage lacked valid preliminary and final judicial reports and is permanently barred to pursue disclosure. In paragraph 48, relator states the magistrate's finding of fact No. 7 is "erroneous and futile and irrelevant" because the trial court lacked jurisdiction. In *CitiMortgage, Inc.*, 2016-Ohio-5588, at ¶ 23-24, we found:

> Our review of the evidence reveals that ABN had the right to enforce the note prior to the 2007 merger either by virtue of the special indorsement from Capitol or as the possessor of the note indorsed in blank. *See* former R.C. 1301.01(T)(1)(a) and (b) (repealed), now R.C. 1301.201(B)(21)(a). It is also without question that Citi became the successor to ABN's interest in the note on September 1, 2007, by virtue of the merger. Citi alleged in the complaint that it was the holder of the note and subsequently produced a "true and accurate" copy of the note indorsed in blank by ABN. Schneider averred that a "true and accurate" copy of the note is contained in Citi's collateral file. Thus, the evidence produced by Citi established that it was entitled to enforce the note at the time it filed the complaint. The fact that Citi earlier produced an unauthenticated copy of the note bearing only the special indorsement from Capitol to

> ABN does not give rise to a factual issue whether Citi had an interest in the note when it filed the complaint. Appellants produced no evidence in response to Citi's motion for summary judgment to support the allegation that ABN was not a holder of the note at the time of the merger or that Citi was not a holder of the note at the time it filed the complaint. Appellant's assertions to the contrary are pure speculation.
>
> Because there were no genuine issues of fact with regard to Citi's right to enforce the mortgage and the note at the time it filed the complaint, Citi had standing to commence the foreclosure action against appellant.

Accordingly, we overrule these objections.

{¶ 8} In paragraph 49, relator seems to argue that the magistrate's finding of fact No. 14 was incomplete because the magistrate should have taken additional judicial notice of relator's former spouse's bankruptcy case. On January 7, 2020, the magistrate reactivated this matter, stating:

> The magistrate entered an order on May 3, 2019 staying all proceedings in this original action, reflecting a suggestion of bankruptcy filed by relator. The magistrate now sua sponte notes that relator's bankruptcy proceedings culminated in an order of discharge entered by the United States Bankruptcy Court for the Southern District of Ohio on November 21, 2019.
>
> While relator has appealed from the bankruptcy court's orders, the automatic stay under 11 U.S.C. 362 terminates upon discharge of the debtor. The F.R.B.P. 8007 stay pending appeal, unlike the 11 U.S.C. 362 stay, is not automatic. The bankruptcy appellate panel has not entered a stay pending appeal.
>
> The magistrate therefore REACTIVATES this original action. Respondent filed a motion to dismiss on May 1, 2019, which is still pending. Relator will file a response on or before January 23, 2020.

(Emphasis sic.) (Jan. 7, 2020 Magistrate's Order.) Furthermore, relator's former spouse is not a party to this original action. Accordingly, we overrule this objection.

{¶ 9} Finally, it is significant to note, in numerous places in his objections and addendum, relator states he preserves in this court "*for appeal*" certain alleged facts or arguments.

{¶ 10} A common criteria which must be met in order to grant a request for a writ of mandamus and a writ of prohibition is that there is no adequate remedy in the ordinary course of law. *See State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983), and *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628. Regarding the request for writ of mandamus, here, as the magistrate has detailed, relator already pursued his remedies which exist in the ordinary course of law. The trial court has entered final judgment in Franklin C.P. No. 10CVE09-13480 and, therefore, disposed of the motions on which relator sought to compel ruling by way of mandamus. Furthermore, relator has appealed the trial court's judgment.

{¶ 11} Regarding the request for prohibition, here again, relator already pursued his remedies which exist in the ordinary course of law. Relator pursued his prior appeal in this court. We decided relator's prior appeal and, therefore, have already ruled and implicitly determined the trial court had jurisdiction over the case. Accordingly, there exist adequate remedies in the ordinary course of law and the criteria for mandamus and prohibition are not met.

{¶ 12} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and relator's complaint for a writ of mandamus and writ of prohibition is dismissed.

*Objections overruled;*
*motion granted; action dismissed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Leonard Nyamusevya, | : | |
| Relator, | : | |
| v. | : | No. 19AP-199 |
| Franklin County Court of Common Pleas: | : | (REGULAR CALENDAR) |
| Honorable Judge Daniel R. Hawkins, | | |
| | : | |
| Respondent. | | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 24, 2020

*Leonard Nyamusevya*, pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS AND PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 13} Relator, Leonard Nyamusevya, filed this original action seeking a writ of mandamus to compel respondent, the Honorable Daniel R. Hawkins, judge of the Franklin County Court of Common Pleas, to rule and dispose of certain pending motions in a foreclosure action brought by CitiMortgage, Inc. ("CitiMortgage") against relator's residential property. Relator also seeks a writ of prohibition, contending the court of common pleas lacked jurisdiction to proceed with the foreclosure action because certain defects in the documentation underlying the complaint establish that CitiMortgage lacked standing as a proper plaintiff to bring the action.

Findings of Fact:

{¶ 14} 1. Alleging default, CitiMortgage, as the successor through assignment and merger of the original lender, commenced a foreclosure action on September 14, 2010 in the Franklin County Court of Common Pleas under case No. 10CVE-09-13480.

{¶ 15} 2. On July 10, 2013, the court of common pleas rendered a decision granting CitiMortgage's motion for summary judgment.

{¶ 16} 3. Relator unsuccessfully attempted to remove the matter to federal district court. *CitiMortgage, Inc. v. Nyamusevya*, S.D.Ohio No. 2:13-CV-680, 2014 U.S. Dist. LEXIS 39605 (Mar. 21, 2014), *reconsideration denied*, 2015 U.S. Dist. LEXIS 27062 (March 5, 2015).

{¶ 17} 4. On May 20, 2014, the court of common pleas entered its final judgment of foreclosure.

{¶ 18} 5. Relator filed an appeal to this court, asserting that CitiMortgage lacked standing to prosecute the foreclosure action, that the court of common pleas had incorrectly calculated the amount owing on the mortgage loan, and that the court had incorrectly ruled on evidentiary issues. This court affirmed the finding of default and right to foreclose, but reversed in part on the basis that relator had created a genuine issue of material fact regarding the correct amount owed on the mortgage loan at the time of default. *CitiMortgage., Inc. v. Nyamusevya,* 10th Dist. No. 14AP-464, 2016-Ohio-5588, *jurisdictional motion overruled*, 149 Ohio St.3d 1407, 2017-Ohio-2822. In affirming most aspects of the court of common pleas' judgment, the decision on appeal specifically held that CitiMortgage had standing to pursue foreclosure. *Id.* at ¶ 23-24.

{¶ 19} 6. After remand, the court of common pleas resumed proceedings on the basis of this court's affirmance of partial summary judgment. The court of common pleas made certain evidentiary rulings, which relator attempted to appeal to this court. This court dismissed that appeal for lack of a final appealable order. *CitiMortgage, Inc. v. Nyamusevya,* 10th Dist. No. 18AP-148 (Mar. 14, 2018) (Journal Entry of Dismissal).

{¶ 20} 7. On November 5, 2018, the remaining issues in the foreclosure action proceeded to a jury trial. The court of common pleas granted a directed verdict in favor of CitiMortgage based upon the unrebutted evidence of sums owed under the mortgage loan. (Relator vacated the courtroom at the outset of trial after advising the court that it lacked

jurisdiction to proceed, and therefore presented no evidence.)  The court of common pleas entered judgment accordingly on November 15, 2018.

{¶ 21}  8.  Relator filed his notice of appeal from the court of common pleas' final judgment on December 12, 2018 receiving appellate case No. 18AP-949.  That case remains pending before this court.

{¶ 22}  9.  Relator filed the present complaint in mandamus and prohibition on April 5, 2019, followed by an amended complaint on April 8, 2019.

{¶ 23}  10.  On May 1, 2019, the magistrate denied relator's motion for stay of trial court proceedings, finding it duplicative in light of a similar motion for stay in relator's companion appeal to this court.

{¶ 24}  11.  Respondent filed his motion to dismiss on May 1, 2019.

{¶ 25}  12.  Also on May 1, 2019, relator filed a petition in federal bankruptcy court for the Southern District of Ohio.  Relator filed corresponding suggestions of bankruptcy in this mandamus action on May 2, 2019, and in his companion appeal on May 3, 2019.

{¶ 26}  13.  The magistrate entered an order on May 3, 2019 staying all proceedings in this original action.  The court entered a similar order in relator's companion appeal case No. 18AP-949.

{¶ 27}  14.  The magistrate took judicial notice that the bankruptcy court entered an order on November 21, 2019 granting discharge under section 727 of the bankruptcy code, thereby terminating the automatic bankruptcy stay under 11 U.S.C. 362.  Bankr.S.D.Ohio No. 2:19-bk-52868 (Nov. 21, 2019 order). The magistrate further noted the F.R.B.P. 8007 stay pending bankruptcy appeal, unlike the automatic stay under 11 U.S.C. 362, is not automatic, and that the bankruptcy appellate panel had not entered a stay pending appeal. The magistrate accordingly determined there was no impediment to proceeding with this original action.  The magistrate entered an order on January 7, 2020 reactivating the matter.  That order granted relator until January 23, 2020 to file a response to respondent's pending May 1, 2019 motion to dismiss the action.

{¶ 28}  15.  The court entered a similar reactivation order in appeal case No. 18AP-949.

{¶ 29} 16. The original action is now before the magistrate on respondent's May 1, 2019 motion to dismiss for failure to state a claim and relator's January 23, 2020 response thereto.

Discussion and Conclusions of Law:

{¶ 30} A Civ.R. 12(B)(6) motion to dismiss a complaint in mandamus or prohibition tests the sufficiency of the complaint on its face. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). In reviewing the complaint on such grounds, this court will take all material allegations as admitted and construe all reasonable inferences in favor of relator as the nonmoving party. *Id.* "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 31} Respondent's motion to dismiss first asserts that relator's complaint fails on its face to state a claim for a writ of mandamus. In order for this court to issue a writ of mandamus, relator mush show a clear legal right to the relief sought, a clear legal duty for the respondent to perform the requested act, and the absence of a plain and adequate remedy for relator in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶ 32} Relator seeks a writ compelling the court of common pleas to rule on certain pending motions. Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5. However, "neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen,* 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252, 253 (1998).

{¶ 33} When assessing whether relator's complaint states a claim for a writ, the magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least in so far as they affect the present original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald,* 145 Ohio St.3d

92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 34} Relator's motions that allegedly were not ruled upon by the court of common pleas are not entirely easy to identify based upon the complaint. Most appear related to pre-trial evidentiary issues or jurisdictional issues raised by relator. Ordinarily, any pending motions a trial court does not expressly dispose of in its final judgment will be deemed to have been implicitly overruled. *Maust v. Palmer,* 94 Ohio App.3d 764 (10th Dist.1994). Here, the court of common pleas, by entering final judgment, has ruled on pending pre-judgment motions and there is no further relief to be granted by a writ. The action has become moot in that respect, and must be dismissed. *State ex rel. Eichenberger v. Jamison,* 10th Dist. No. 19AP-98, 2019-Ohio-2622, ¶ 9. Moreover, if error occurred in such rulings, relator's pending appeal before this court from that final judgment of the court of common pleas demonstrates that relator has an adequate remedy at law that precludes mandamus. For the foregoing reasons, the magistrate concludes that relator's complaint fails on its face to state a claim for a writ of mandamus, and must be dismissed.

{¶ 35} Turning to relator's claim for a writ of prohibition, which is based upon an alleged lack of jurisdiction in the Franklin County Court of Common Pleas for the underlying foreclosure action, the magistrate concludes that this also fails on the face of the complaint.

{¶ 36} The writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal, commanding the lower court to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998). The principal function of the writ of prohibition is to restrain a lower court from exceeding its jurisdiction. *Id.* As such, the petition for the writ "tests and determines 'solely and only' the subject matter jurisdiction of the inferior tribunal." *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988). In order for the writ of prohibition to issue, the relator must prove that (1) the lower tribunal is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628.

{¶ 37} As set forth above in the findings of fact, this court has already ruled upon the jurisdiction of the Franklin County Court of Common Pleas when disposing of relator's prior direct appeal. Relator cannot demonstrate a clear legal right to a writ of prohibition, because the jurisdiction of the court of common pleas in the foreclosure action has already been addressed by this court, and that disposition establishes the law of the case for all related litigation. *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394 (1997) (Writs of prohibition and mandamus are only appropriate to require lower courts to comply with, rather than proceed contrary to, the mandate of a superior court.). The magistrate therefore concludes that relator's complaint fails on its face to set forth a claim for a writ of prohibition and must be dismissed.

{¶ 38} In summary, it is the magistrate's decision that relator's complaint does not state a claim upon which relief can be granted, and respondent's motion to dismiss is granted.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).