[Cite as *State ex rel. Grinnell v. Page*, 2022-Ohio-3297.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Timothy Grinnell, | : | |
| Relator, | : | No. 21AP-534 |
| v. | : | (REGULAR CALENDAR) |
| Judge Jaiza Page, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on September 20, 2022

**On brief:** *Timothy Grinnell,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

JAMISON, J.

{¶ 1} Relator, Timothy Grinnell, filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Jaiza Page, to issue a ruling on relator's October 2, 2020, motion to vacate the judgment of conviction for want of jurisdiction ("motion to vacate"). Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss in light of respondent's January 22, 2021, entry denying relator's October 2, 2020, motion to vacate. Relator has not objected to the decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we dismiss relator's complaint for a writ of procedendo.

*Writ of procedendo dismissed.*

LUPER SCHUSTER, P.J., and SADLER, J., concur.

_____

**<u>APPENDIX</u>**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Timothy Grinnell,           :

        Relator,                                  :

v.                                                      :                              No.  21AP-534

Judge Jaiza Page,                             :                              (REGULAR CALENDAR)

        Respondent.                           :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 20, 2022

---

*Timothy Grinnell,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

---

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator, Timothy Grinnell, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Jaiza Page, to issue a ruling on relator's October 2, 2020, motion to vacate the judgment of conviction for want of jurisdiction ("motion to vacate"). Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 5}   1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

{¶ 6}   2. Relator is a prisoner who was incarcerated at Madison Correctional Institution in London, Ohio, at the time he filed this procedendo action.

{¶ 7}   3. On October 2, 2020, relator filed a motion to vacate in Franklin C.P. No. 94CR-6418, over which respondent presided.

{¶ 8}   4. On October 20, 2021, relator filed his complaint in procedendo with this court, requesting that this court order respondent to issue a ruling on relator's October 2, 2020, motion to vacate.

{¶ 9}   5. On January 22, 2021, in case No. 94CR-6418, respondent filed an entry denying relator's October 2, 2020, motion to vacate.

{¶ 10}   6. On November 15, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator's procedendo action is moot because respondent has already ruled on relator's October 2, 2020, motion to vacate.

Conclusions of Law:

{¶ 11}   For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 12}   A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear

beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 13} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 14} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 15} In the present matter, respondent's January 22, 2021, entry denied relator's October 2, 2020, motion to vacate. Thus, respondent has performed the act that relator sought to compel, *i.e.*, ruling on relator's October 2, 2020, motion to vacate. Therefore, procedendo will not lie under these circumstances.

{¶ 16} The magistrate also notes that relator contends that because the Franklin County Clerk of Courts failed to serve him with a copy of the January 22, 2021, judgment, as required by Civ.R. 58(B), the trial court never actually ruled upon the motion to vacate.

However, even if the clerk of courts did not comply with the service requirements in Civ.R. 58(B), the rule specifically indicates that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment." Therefore, this argument is without merit.

{¶ 17} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).