[Cite as *State ex rel. Rutan v. McIntosh*, 2023-Ohio-4284.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Roger Rutan, | : | |
| Relator, | : | |
| v. | : | No. 23AP-201 |
| Judge [Stephen] McIntosh et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

———————

D E C I S I O N

Rendered on November 21, 2023

———————

**On brief:** *Roger Rutan*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent Judge McIntosh.

———————

IN MANDAMUS/PROCEDENDO

LELAND, J.

{¶ 1} Relator, Roger Rutan, has filed an original action seeking either a writ of mandamus or writ of procedendo ordering respondent, the Honorable Stephen McIntosh, to rule on relator's motion for leave to file motion for postconviction relief filed on November 16, 2022. Respondent has filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting the action is moot.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. In that decision, the magistrate recommended this court grant respondent's motion to dismiss relator's petition on the ground that respondent "has now performed the act that relator sought to compel, i.e., ruling on relator's November 16, 2022, motion for leave to file motion for postconviction

relief," and therefore "the matter is moot and neither procedendo nor mandamus will lie." (Appended Mag.'s Decision at ¶ 19.)

**{¶ 3}**   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

**{¶ 4}**   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.   In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and dismiss relator's action.

*Respondent's motion to dismiss granted*;
*action dismissed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Roger Rutan, | : | |
| Relator, | : | |
| v. | : | No. 23AP-201 |
| Judge [Stephen] McIntosh et al., | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 12, 2023

*Roger Rutan*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN MANDAMUS OR PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, Roger Rutan, has filed this original action seeking either a writ of mandamus or procedendo ordering respondent, the Honorable Judge Stephen McIntosh, to rule on relator's November 16, 2022, motion for leave to file motion for postconviction relief.

Findings of Fact:

{¶ 6}  1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio

{¶ 7}  2.  Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 8}  3.  In December 1996, in Franklin C.P. No. 96CR-5041, relator was found guilty by a jury of nine counts of gross sexual imposition, two counts of felonious sexual penetration, seven counts of contributing to unruliness of a minor, three counts of corrupting another with drugs, and two counts of kidnapping. The trial court sentenced relator to a term of incarceration of 10-50 years, with an additional two years to run consecutively.

{¶ 9}  4. On November 16, 2022, in case No. 96CR-5041, relator filed a motion for leave to file motion for postconviction relief.

{¶ 10} 5.  Relator filed his complaint in mandamus or procedendo with this court on March 29, 2023.

{¶ 11} 6. On April 20, 2023, in case No. 96CR-5041, respondent filed a decision and entry denying relator's November 16, 2022, motion for leave to file motion for postconviction relief.

{¶ 12} 7. On April 26, 2023, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), based upon the availability of an adequate remedy at law and failure to state a claim for which relief may be granted.

Conclusions of Law:

{¶ 13}  For the reasons that follow, it is this magistrate's decision that this court grant respondent's motion to dismiss relator's petition for a writ of mandamus or procedendo.

{¶ 14}  In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 15}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent

to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5.

{¶ 16} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 17} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 18} "[N]either procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 19} In the present matter, because respondent has now performed the act that relator sought to compel, i.e., ruling on relator's November 16, 2022, motion for leave to file motion for postconviction relief, the matter is moot and neither procedendo nor mandamus will lie.

{¶ 20} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's petition for a writ of mandamus or procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.